UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ANEW OPTICS, INC., and )
ANEW IOL TECHNOLOGIES, INC., )
 )
      Plaintiffs, )
 )
v. ) No. 2:15-CV-38
 )
ACORN INDUSTRIES, INC., )
 )
      Defendant. )

MEMORANDUM OPINION AND ORDER

The plaintiffs, Anew Optics, Inc. and Anew IOL Technologies, Inc. (collectively referred to as "Anew" or plaintiffs), in this diversity action filed suit, alleging breach of contract, violations of the UCC, and negligence against Acorn Industries, Inc. ("Acorn" or defendant). The plaintiffs filed an Amended Complaint, and the defendant then filed a Motion to Dismiss, [Doc. 15], arguing that the suit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(7). Federal Insurance Company ("Federal" or intervenor plaintiff) filed an Intervenor Complaint, [Doc. 25]. The defendant then filed a Renewed Motion to Dismiss, [Doc. 26]. The plaintiffs and the intervenor plaintiff have responded, [Docs. 29 and 30]. The matter is ripe for review. For the reasons that follow, the motion to dismiss is DENIED.

**I. FACTS**

Anew plaintiffs are research and development companies working on the development of intraocular lenses. They are Delaware corporations with their principal places of business in Tennessee. Acorn is a sterilization company providing an extensive range of cleaning services

nationwide. Acorn is a Michigan corporation with its principal place of business in Michigan. Federal is a New Jersey corporation with its principal place of business in Michigan, and it is Anew's insurer.

According to the Amended Complaint, Anew contacted Acorn about purchasing sterile vials, stoppers, and crimp seals in which saline solution and their intraocular lenses would be kept. Acorn employee Dr. Philip J. Austin, M.D. called Diane Gross of Anew in Tennessee to discuss the products. In reliance on the advice of Dr. Austin, Anew received a quote on the products from Acorn including the Wheaton #224 100-405 rubber stopper. Anew accepted the quote in Tennessee. Anew selected to receive samples, and Acorn shipped these to Tennessee. The stoppers appeared slick to Anew, so Anew employee Diane Gross corresponded with Acorn. She requested confirmation that the stoppers did not contain silicone and stated that Anew could not use stoppers with silicone. Acorn employee Gynell Rock replied in writing to Gross in Tennessee, "The stopper we sent is a Wheaton Ultrapure stopper #224100-405 Grey Butyl Stopper no silicone is used in manufacturing this stopper. I called Wheaton to confirm this statement. Please feel free to contact me if you have any questions or need any additional information."

Anew relied upon this information, and Acorn shipped the products, including the stoppers to Tennessee. The contract states:

> 15. **Terms are net 0 days, F.O.B. Livonia, MI. USA.** Payment for the first lot release of stoppers must be made by credit card, direct wire transfer, certified check, or company check (upon approval) and must be paid prior to shipment of the stoppers to Anew Optics. Terms for additional lot releases of stoppers are **net 30 days, F.O.B. Livonia, MI. USA,** subject to approval of credit terms to be established at the discretion of Acorn's finance department.

(emphasis added).

2

Anew placed their lenses into the vials with the stoppers at its facility in Tennessee. Anew then ordered more products from Acorn approximately two months later. These were shipped to Tennessee. Anew placed their lenses in the products from this shipment as well, which included the stoppers. Several months later, Anew inspected the lenses and observed the presence of an unknown substance. Upon testing, silicone oil was found in the solution and came from the stoppers.

## II. ANALYSIS

The defendant asserts three grounds in its Motion to Dismiss, lack of subject matter jurisdiction, lack of personal jurisdiction and failure to join an indispensable party. The defendant combines its subject matter jurisdiction analysis and failure to join an indispensable party analysis.

### A. Subject Matter Jurisdiction and Indispensable Party

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court does not have subject matter jurisdiction. The Court can have jurisdiction by either the diversity statute, *see* 28 U.S.C. § 1332, or the federal question statute, *see* 28 U.S.C. § 1331. The plaintiffs have based jurisdiction on diversity of citizenship. The defendants argue there is no diversity.

The diversity statute, 28 U.S.C. § 1332, provides that district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [or] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . ." 28 U.S.C. § 1332(a).

3

The defendant offers very little analysis and cites to no authority for argument. The defendant merely references Rules 12(b)(1), (b)(7) and 19 in the heading of the argument section. The defendant states, "It is not clear why Wheaton Industries, Inc.[, the manufacturer of the rubber stoppers], was not initially made a party to the above captioned case by the plaintiffs. Counsel anticipates asserting comparative fault regarding Wheaton Industries." Wheaton Industries, Inc. ("Wheaton") is a Delaware corporation with its principal place of business in New Jersey. The defendant then argues generally that "[i]f Wheaton Industries Inc. is added to the case as a party, Anew Optics, Inc., ANEW IOL Technologies, Inc., and Wheaton Industries, Inc. share Delaware citizenship." The defendant further argues that "if Wheaton Industries, Inc. is added to the case as a party, Plaintiff Federal Insurance Company and Wheaton Industries, Inc. also share New Jersey citizenship." Thus, there is no diversity of citizenship.

As the case currently stands, there is no question that there is diversity of citizenship. The issue with subject matter jurisdiction only arises if Wheaton is added as a party. However, although the defendant reference Rules 12(b)(7) and Rule 19, it offers no analysis or authority as to why Wheaton is an indispensable party. The defendant does not list the factors the Court must consider in determining whether Wheaton is indispensable, does not argue that these factors are met, and actually never clearly asserts that Wheaton is indispensable. The defendant merely states it will raise comparative fault and uses conditional language of "if" Wheaton is added. Without any citation to authority or analysis by the defendant, the Court refuses to reach the issue. The Court will not research and make the defendant's argument for it. As such, because there is currently diversity of citizenship, the motion to dismiss in this regard is DENIED.

    **A. Personal Jurisdiction**

4

The also defendant argues that the claims should be dismissed because of a lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of demonstrating that personal jurisdiction exists. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003); *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *Third National Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). A district court may decide whether to rule on the jurisdictional issue upon a full trial record, after an evidentiary hearing, or merely on the basis of a written record. *Welsh v. Gibbs*, 631 F.2d 436, 438-39 (6th Cir. 1980). This matter has been fully briefed by the parties and affidavits and exhibits have been filed. There is no need for an evidentiary hearing in this matter and the motion will be decided upon the record. To be sure, there is no request from the parties to conduct an evidentiary hearing.

When a court decides the issue on the basis of the written record alone, plaintiff needs only to make a *prima facie* case of jurisdiction. To survive a motion to dismiss, thus, plaintiff needs only to "demonstrate facts which support a finding of jurisdiction." *Welsh*, 631 F.2d at 438 (quoting *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). The burden on the plaintiff is relatively slight. The court considers the pleadings and affidavits in the light most favorable to the plaintiff. Dismissal under Rule 12(b)(2) is proper only if the specific facts alleged by plaintiff, taken as a whole, fail to state a *prima facie* case for personal jurisdiction. *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478 (6th Cir. 2003); *Neogen*, 282 F.3d at 887; *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000); *Kerry Steele, Inc. v. Paragon Indus.*, 106 F.3d 147, 149 (6th Cir. 1997); *Theunissen v. Matthews*, 935 F.2d 1454, 1458-59 (6th Cir. 1991); *Serras v. First Tennessee Bank Nat. Ass'n.*, 875 F.2d 1212, 1214-15 (6th Cir. 1989); *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168-69 (6th Cir. 1988).

5

This Court may exercise personal jurisdiction over the defendant if it is authorized by the law of the forum state (Tennessee) and otherwise consistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Youn*, 324 F.3d at 417; *Neogen*, 282 F.3d at 888; *Neal v. Janssen*, 270 F.3d 328, 331 (6th Cir. 2001). The Tennessee long-arm statute, Tennessee Code Annotated § 20-2-214, extends personal jurisdiction to the full limit allowed by due process. *Massada Inv. Corp. v. Allen*, 697 S.W.2d 332, 334 (Tenn. 1985). It states in pertinent part:

> Persons who are non residents of Tennessee . . . are subject to the jurisdiction of the courts of this state as to any cause or claim for relief arising from:
>
> (1) [t]he transaction of any business within the state;
>
> (2) [a]ny tortious act or omission within this state;
>
> . . . .
>
> (6) any basis not inconsistent with the Constitution of this State or of the United States.

Tenn. Code Ann. § 20-2-214(a) (2010). The Tennessee long-arm statute is coterminous with the limits on personal jurisdiction imposed by the Fourteenth Amendment's Due Process Clause. *Bridgeport Music*, 327 F.3d at 477; *Neal*, 270 F.3d at 331; *Payne v. Motorists' Mutual Insurance Companies*, 4 F.3d 452, 455 (6th Cir. 1993); *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 376-77 (6th Cir. 1968). Because the limits of personal jurisdiction under Tennessee law and the limits of personal jurisdiction as a matter of constitutional due process are identical, the two inquiries are merged. *Bridgeport Music*, 327 F.3d at 477.

The bedrock principle of personal jurisdiction due process analysis is that the non-resident defendant must have sufficient "minimal contacts" with the forum state such that the

maintenance of the suit there does not offend traditional motions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 145; *Youn*, 324 F.3d at 417. Minimum contacts exist when a defendant's conduct and connection with the forum state are such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980). It is the quality of contacts, not the quantity of contacts, that is important. *Neal*, 270 F.3d at 332.

Due process requires that individuals have "fair warning" that a particular activity may subject them to the forum's jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Where a forum seeks to assert specific personal jurisdiction over an out of state defendant who has not consented to suit there, the "fair warning" requirement is satisfied if the defendant purposefully directed its activities at a forum resident.

For there to be sufficient minimum contacts, the defendant must purposefully avail itself of the privilege of conducting business within the forum state, thereby invoking the benefits and protections of the forum state's laws. *Burger King*. 471 U.S. at 475. The minimum contacts requirement is satisfied if the defendant purposefully directs its activities at residents in the forum state, and the litigation results from alleged injuries that arise out of or relate to those activities. *Id*. at 472. Purposeful availment by the defendant of the privilege of acting in, or causing a consequence in, the forum state is the *sine qua non* for *in personum* jurisdiction. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273 (6th Cir. 1998); *Southern Machine*, 401 F.2d at 381-82.

The purposeful availment test ensures that a defendant will not be unreasonably haled into a forum solely as a result of random, fortuitous, or attenuated contacts, or as a result of the unilateral activity of another party or a third person. *Burger King*, 471 U.S. at 475; *Keeton v.*

7

*Hustler Magazine, Inc.*, 465 U.S. 770 (1984); *Youn*, 324 F.3d at 417; *Neogen*, 282 F.3d at 889. Even a single act by a defendant deliberately directed toward a Tennessee resident that gives rise to a cause of action can support a finding of purposeful availment and meet the due process requirement of minimum contacts. *McGee v. Int'l Life Ins. Co.*, 325 U.S. 220, 223 (1957); *Youn*, 324 F.3d at 419; *Neal*, 270 F.3d at 1331.

The courts distinguish between general jurisdiction and specific jurisdiction, either one of which is an adequate basis for personal jurisdiction. *Burger King*, 472 U.S. at 472, 473 n.15; *Youn*, 324 F.3d at 417-18. The court has general jurisdiction over a defendant when the defendant's contacts with the forum state are so "continuous and systematic" that the state may exercise jurisdiction over the defendant, even though the cause of action does not relate to those specific contacts with the state. *Youn*, 324 F.3d at 417-418. Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's specific contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984).

Consistent with constitutional due process, the Sixth Circuit has established a three part test for determining whether a federal court may exercise specific personal jurisdiction: (1) the defendant must purposefully avail itself of the privilege of acting or causing a consequence in the forum state; (2) the plaintiff's cause of action must arise from the defendant's activities in the forum state; and (3) the defendant's acts or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Youn*, 324 F.3d at 418; *Neal*, 270 F.3d at 332; *Southern Machine*, 401 F.2d at 381. This is commonly referred to as the *Southern Machine* test.

Personal jurisdiction cannot be avoided merely because a defendant does not physically enter Tennessee. *Southern Machine*, 401 F.2d at 382. "Physical presence" in the forum state "is not the touchstone of personal jurisdiction." *Neal*, 270 F.3d at 333. So long as the defendant's actions and efforts are purposefully directed toward Tennessee, the absence of the defendant's physical presence from the state cannot defeat personal jurisdiction in this forum. *Burger King*, 471 U.S. at 476.

When the first two elements of the *Southern Machine* test are met, an inference arises that the third element, fairness, is also present. *Compu Serve v. Patterson*, 89 F.3d 1257, 1268(6th Cir.1996); *First National Bank v. J.W. Brewer Tire Co.*, 680 F.2d 1123, 1126 (6th Cir. 1982); *Southern Machine*, 401 F.3d at 384. Where the first two criteria are satisfied, "only the unusual case will not meet this third criterion." *Aristech Chemical Intern. v. Acrylic Fabricators*, 138 F.3d 624, 628 (6th Cir. 1998) (quoting *Theunissen*, 935 F.2d at 1461). Defendant must present a "compelling case" that the presence of some other considerations would render personal jurisdiction unfair or unreasonable. *Burger King*, 471 U.S. at 477.

To determine whether the exercise of personal jurisdiction over the defendant is fair and reasonable, the court balances four factors: (1) the burden on the defendant; (2) the interest of the forum state (Tennessee); (3) the plaintiff's interest in obtaining relief; and (4) the interest of other states in securing the most efficient resolution of the controversy. *Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102 (1987).

### 1. General Jurisdiction

The plaintiffs do not explicitly argue in their response that this Court has general jurisdiction over the defendant. Nowhere in the Amended Complaint do the plaintiffs allege that the defendant's contacts with Tennessee are so "continuous and systematic" that the state may

9

exercise jurisdiction over the defendants, even if the cause of action is unrelated to defendant's specific contacts with the state. *Youn*, 324 F.3d at 417-418. Therefore, this Court will focus its analysis, as did the plaintiffs and the defendant, on specific jurisdiction.

### 2. Specific Jurisdiction

### a. Whether the defendant purposefully availed itself of the privilege of acting in the forum state or causing a consequence in the forum state?

First, this Court must determine whether the defendant purposefully availed itself of the privilege of acting in Tennessee. Here, the defendant argues that it did not purposefully avail itself, for it did not solicit the business, no activities by the defendant occurred in Tennessee, the products were sent "F.O.B. Livonia, MI. USA," Anew paid for the shipping, and it has not caused consequences in Tennessee.

Considering the plaintiffs' allegations as true, this Court finds the plaintiffs have carried their slight burden in showing the defendant purposefully availed itself. The quotes, samples, contracts and products were sent from the defendant in Michigan to the plaintiffs in Tennessee. The defendant knowingly entered into the contract with a Tennessee company. It is true that the products were sent "F.O.B. Livonia, MI. USA," however, the defendant could have included a forum selection clause in the contracts. The defendant did not. More importantly, during the course of negotiating the contracts, communications were exchanged between Tennessee and Michigan. Two are of particular importance. First, in reliance on Dr. Austin's advice, as a result of his telephone call to Tennessee, Anew selected the Wheaton stopper, which caused the harm in this case. Second, and very importantly, Gynell Rock of Acorn sent an email to Diane Gross in Tennessee and expressly stated that the Wheaton stopper did not contain silicone. Again, these stoppers caused the harm in this case. Communications such as telephone calls or facsimile transmissions may serve as a basis for personal jurisdiction when those

10

communications or the basis of the cause of action. *See Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005); *see also Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001). Based on these facts, the Court finds the defendant purposefully availed itself of acting in the forum state, i.e., Tennessee.

### b. Whether the cause of action arose from the defendants' activities in the forum state?

Second, this Court must determine whether the cause of action arose from defendant's activities in Tennessee. "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then the action will be deemed to have arisen from those contacts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996). This factor "does not require that the cause of action formally 'arise from' defendant's contacts with the forum; rather, this criterion requires only 'that the cause of action, of whatever type, have a substantial connection with the defendant's in-state activities.'" *Third Natl. Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989) (quoting *Southern Machine*, 401 F.2d at 384 n. 27).

In *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998), the court stated that if a nonresident defendant transacts business by negotiating and executing a contract via telephone calls and letters to the forum state resident, then the defendant has purposefully availed himself of the forum by creating a continuing obligation in that forum state. Furthermore, if the cause of action is for breach of that contract, then the cause of action naturally arises from the defendant's activities in the forum state. 133 F.3d at 436. In addition, the express guarantee that the stoppers did not contain silicone, when the stoppers actually did, directly relates to the causes of action in the case.

      **c.    Whether the connection between the defendants and Tennessee is substantial enough to render the exercise of personal jurisdiction reasonable?**

An inference arises that the third factor is satisfied if the first two requirements are met. *CompuServe*, 89 F.3d at 1268. This Court must consider the following factors "including the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Id*. (internal quotation marks and citation omitted). These factors weigh in favor of the plaintiffs. Therefore, exercise of personal jurisdiction is reasonable.

## III. CONCLUSION

For the reasons set for above, the motion is DENIED. The parties have until July 25, 2016, to file their Rule 26(f) report so this matter can be set for trial.

      ENTER:

                                                                                         s/J. RONNIE GREER
                                                                                  UNITED STATES DISTRICT JUDGE

12

Case 2:15-cv-00038-JRG-MCLC   Document 37   Filed 07/12/16   Page 12 of 12   PageID #: 347